**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **KATREESHA GORDON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) No. |
| Vs. | ) |
| | ) |
| **THE UNIVERSITY OF ILINOIS-CHICAGO** | ) |

### PLAINTIFF'S COMPLAINT AT LAW

### Introduction

1.  Plaintiff, Katreesha Gordon, brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3 and 42 U.S.C.§1981, Plaintiff contends that the Defendant's officials discriminated against her by harassing, humiliating and retaliating against her after she filed a charge of discrimination with the Illinois Department of Human Rights and by racial discrimination.

### Jurisdiction

2.  This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16.

### Venue

3.  Venue is proper in this judicial district under 42 U.S.C. Section 2000e-5(f)(3) and 5 U.S.C. § 7703(b)(2); as Plaintiff is employed by the Universtiy of Illinois Hospital-Chicago at the time of the disrimination and plaintiff's employment records are maintained by the University of Illinois-Chicago in this judicial district, and decisions adverse to Plaintiff's employment that are the subject of this civil action were made in this judicial district.

### Parties

4.  Plaintiff, Katreesha Gordon, is an African-American female who is a citizen of the United States and a resident of the town of Broadview, Illinois. At all times relevant to this suit she is employed by the University of Illinois-Chicago Hospital in the City of Chicago, Illinois.

5.  Defendant, University of Illinois-Chicago Hospital is a medical corporation that is located in the City of Chicago, Illinois.

### Statement of Facts

6. The Defendant hired the Plaintiff as a nurse technicin in _____.

7. The plaintiff's performance as a nurse technician met the Defendant's employment expectations.

8. On or about June 13, 2017, the plainitff filed a charge of discrimination with the Illinois Department of Human Rights, docket number 2017CF2933. A copy of said charge is attached hereto as **Exhibit A.**

9. Beginning in August 2018 through April 25, 2019, the plaintiff was continuously harrassed by manager Kiana Player ("Player") and supervisor Panela Crawford ("Crawford") in one or more the following ways:

   a. Player frequently verbally reprimanded the plaintiff for committing minor infractions;
   b. Player and Crawford would not take any action when the Plaintiff complained about coworkers not performing their duties and mistreating the plaintiff;
   c. Player and Crawford wouod make disparging commengts about the Plaintiff's weight.

10. Similarly, on or about April 25, 2019, Player suspended the Plaintiff for claimed poor performance, documentation errors and allegedly placing the Defendant at risk.

11. The Defendant's adverse employment actions followed the filing of her charge of discrimination within such a time frame as to raise an inference of retaliatory motivation.

12. Moreover, the Defendant did not suspend similarly situated non-African-American employees under like circumstances.

## Count One

### (Racial Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 USC 2000e, et. seq. and 42 U.S.C. §1981)

13. Paragraphs one (1) through twelve (12) are realleged and incorporated by reference herein.

14. The Defendant's conduct as alleged at length herein constitutes discrimination based on racial discrimination in violation of Title VII and §1981. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretextual to hide the Defendant's discriminatory animus.

## Count Two

### (Retaliation for Engaging in Protected Activities)

15. Paragraphs one (1) through twelve (12) are realleged and incorporated by reference herein.

16.     Defendant's conduct as alleged above constitutes retaliation against the Plaintiff because she engaged in activities that are protected by Title VII.  The stated reasons for the Defendant'sconduct were not the true reasons, but instead were pretextual to hide the Defendant's retaliatory animus.

### Count Three

### (Hostile and Abusive Working Environment)

17**.**     Paragraphs one (1) through twelve (12) are realleged and incorporated by reference herein.

18..     The Defendant's conduct as alleged above constitutes a hostile and abusive working environment in violation of Title VII. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

### Prayer for Relief

Accordingly, the Plaintiff prays that the Defendants be cited to appear and to answer in this action, and that upon the evidence, the finding of the jury and applicable law, the court should enter judgment as follows:

19.     A verdict in the Plaintiff's favor and against the Defendant in an amount in excess of $75,000.00 to compensate the Plaintiff for physical and emotional damages;

20.     An order to the Defendant telling it to rehire the Plaintiff immediately;

21.     An order to the Defendant telling it to immediately stop retaliating against the Plaintiff;

24.     An order to the Defendant telling it to immediately stop discriminating against the Plaintiff.

                                **KATREESHA GORDON**

**By:**     **/s/Scott Skaletsky**
         **Scott Skaletsky**

**Scott Skaletsky**
**Gardi & Haught, Ltd.**
**939 Plum Grove Road, Suite C**
**Schaumburg, IL 60173**
**(847) 944-9400**
**(847) 944-9401 fax**
**ARDC # 6181405**